IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ELROY SILAS MARTIN, Defendant/Movant. | Cause No. CR 03-49-GF-BMM<br>CV 16-71-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

Defendant Martin filed a motion under 28 U.S.C. § 2255 seeking relief based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015). On September 12, 2018, the Ninth Circuit held that such motions are untimely until the Supreme Court extends *Johnson* to the specific context of the movant's case. *See United States v. Blackstone*, 903 F.3d 1020, 1023 (9th Cir. Sept. 12, 2018).

Martin was sentenced as a career offender under the mandatory guideline sentencing regime. He argues that *Blackstone* was wrongly decided, but acknowledges this Court cannot rule on that basis. *Blackstone* controls disposition of his motion.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner

1

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court also must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

*Blackstone* rejects Martin's claim that he was deprived of a constitutional right and also imposes a time bar. In the Seventh Circuit, however, Martin likely would prevail on the timeliness issue. *See Cross v. United States*, 892 F.3d 288, 293–94 (7th Cir. 2018). In addition, Ninth Circuit precedent predating *Booker v. United States*, 543 U.S. 220 (2005), determined that the United States Sentencing Guidelines were open to constitutional due process challenges. *See, e.g.*, *United States v. Johnson*, 130 F.3d 1352, 1354 (9th Cir. 1997). Reasonable jurists could disagree with this Court's disposition of the case. A certificate of appealability is granted on the issues of (1) whether Martin was arbitrarily sentenced as a career offender and (2) whether his § 2255 motion is time-barred.

Accordingly, IT IS HEREBY ORDERED:

1. Martin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 48) is DISMISSED WITH PREJUDICE as time-barred.

2. A certificate of appealability is GRANTED on the issues of (1) whether Martin was arbitrarily sentenced as a career offender and (2) whether his § 2255

motion is time-barred.  The clerk shall immediately process the appeal if Martin files a notice of appeal.

    3.  The clerk shall ensure that all pending motions in this case and in CV 16-71-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Martin.

    DATED this 29th day of October, 2018.

Brian Morris
United States District Court Judge